Johnson, J.
Mr. Charles A. Thatcher was for many years previous to 1910 an active and prominent member of the Lucas county bar. In that year he was cited by the Supreme Court of the state, and, after hearing, was disbarred. At this (January, 1912) term of court, in a cause on trial before me, Mr. Thatcher took his place at the trial table and claimed a right to practice as an attorney in the cause. Upon objection to his appearance by the adverse party, consultation was had and the matter taken under advisement by the. four judges of this subdivision. Thereupon the court ordered, on its own motion, that the matter of his right to practice be set down as a separate proceeding for consideration. Both the technical matter of the objection and the question of his right to practice must now be decided.
This statement of fact renders apparent that Mr. .Thatcher deliberately chose to force a test of his rights at the trial of a case in my court room. Since I have become involved without choice of my own, I present an opinion on the facts.
Mr. Thatcher’s right to .the privilege of an attorney claimed by virtue of a statute passed for his benefit is denied upon the ground that the statute is an exercise of judicial power. The judicial power is vested by the Constitution in the courts. The exercise of judicial power is prohibited to the Legislature.,
The invalidity of the legislative relief and the disbarment order of the Supreme Court are the two obstacles to Mr. Thatcher’s appearance as an attorney of this court. He certainly can not appear as of course. If disbarred, he can not appear unless by the authority of the legislative act. The disbarment proceedings and the legislative act bearing upon Thatcher’s present claim to appear as an attorney should be considered in reaching a decision.
The first paragraph of the syllabus in the ease of Mr. Thatcher in the Supreme Court asserts, as the authority upon which the court proceeded in disbarment, that the Supreme Court of Ohio has inherent jurisdiction of proceedings to disbar an attorney, and that its inherent jurisdiction results as an incident to its organization as a court as well as from its power to admit to the *499 bar. The second paragraph of the syllabus declares that the provisions of the Revised Statutes of Ohio, Section 563 (General Code, 1707, 8, 9, 10) are but regulative provisions recognizing this already existing power of the court.
Two elements, then, contribute to disbarment orders promulgated by courts of this state. The prime element is said to bé the independent, inborn power arising out of vital necessity and indispensable to the existence and organization of the institution as a court. By this hypothesis this factor is an element and an attribute without which the court could not be a court. The second is the regulative element conferred by the Legislature.
The origin of authority or source of power must inevitably define the operation and the results consequent upon the exercise of such authority or power. This is so because the endowment of power can only operate and become effectual within the limits of its creation and existence — within its own proper sphere. Derivative power can not exist greater in scope, nor more efficient, than the authority from which it emanates: Inherent, power signifies quality which exists by necessity and as a condition of existence. It is that without which the organization in which it abides could not be. Plence inherent power includes only such power as is co-extensive with the exigency and necessity from which it springs. It follows that the scope of inherent power in a court can not be extended beyond the absolute minimum necessary to maintain the existence and function of a court as a court. The Legislature may contribute power to the court, may'enlarge its jurisdiction, and provide for the enforcement of the mandates of the court. The increase of power, however, gains efficiency and existence through statutes passed to that end. It derives nothing from the exigency of inherent power. It is a contradiction of terms to assert that an inherent power is subject to regulation except through the creator of the organism thus endowed. If the power exists native-born and of necessity, and as a condition of life, no co-ordinate organism can limit or regulate such power. It is irreducible .because its max? imnm is the minimum' of existence; its diminution is destruction. In the domain of the constitutional courts of this state, therefore; their inherent powers can be neither enlarged, changed nor dimin? *500 ished. Whatsoever is given by legislative grant is not inherent. Legislative regulation and control over inherent power vested in these courts is a contradiction in terms; is incompatible with the nature of such power; and is repugnant to assumption of inherency. By so far as the Legislature may add to or detract from the power of a court, by that far the power dealt with is not the inherent judicial power of the state of Ohio vested in the courts.
Our Supreme Court possesses original jurisdiction in quo warranto, mandamus, habeas corpus, procedendo and such other appellate jurisdiction as may be provided by law. It exists as a court created by the Constitution and invulnerable to legislative action in its constitution and original jurisdiction. The Constitution conferred no other original jurisdiction. In the Thatcher case the Supreme Court acted with original authority, ■not in an appellate capacity. The Thatcher case was neither quo warranto, mandamus, habeas corpus nor procedendo. Hence, as avowed in the syllabus, the authority for proceeding originated in necessity. The disbarment of Thatcher was deemed essential to preserve the court as a court. His existence as an attorney must have been conceived by the court as inconsistent with its existence as a court. To preserve itself, the court destroyed him. The Supreme Court, in a word, found that the privilege of Thatcher to be its attorney was irreconcilable with its existence as a court and that the existence of his privilege rendered impossible the proper fulfillment of duty by it in the sphere assigned for that court.
In this connection it must be apparent that the exigencies pertaining to the exercise of inherent power by the Supreme Court are not necessarily identical with the exigencies of the courts of common pleas. This distinction is expressed in the language of an ancient authority recognized in most of the courts in Ohio:
“All flesh is not the same flesh; but there is one kind of flesh of men, another flesh of beasts, another of fishes and another of birds. There are also celestial bodies and bodies terrestrial; but the glory of the celestial is one and the glory of the terrestrial is another. There is one glory of the sun and another glory of the moon and another glory of the stars, for one star differeth from another in glory.” 1 Corinthians, Chap. 15, et seq.
*501 Both, courts are established by the Constitution of the state. Each court, therefore, is a separate and entirely distinct entity. Each is independent and has its sphere of action and existence. Hence the inference is plain that the judgment of the Supreme Court, acting by virtue of its inherent power, can .not control the judgment of the courts of common .pleas as to the exercise of their inherent power. Necessarily as between these two courts each has its own inherent power; to be determined by each court for itself in its own jurisdiction. The determination of the common pleas courts might be subject to review under legislative authority conferred in accordance with the Constitution. But whatever power be inherent, must exist as an attribute essential to the organization of the courts themselves, and incident to the obligation to maintain their own rules and administrative functions. Consequently a decision of the Supreme Court, where its authority to decide a given case rests upon inherent power, can not, from the very nature of inherent power, operate as a conclusive adjudication, binding upon the courts of common pleas, when the same facts come before the courts of common .pleas. As to inherent power, the Supreme Court and the court of common pleas are independent and co-ordinate. Neither can by virtue of inherent power regulate or control the other. Where authorized by law, the Supreme Court has appellate jurisdiction. It has none where the right of appeal does not exist.
From these considerations it seems logically to follow that the order of disbarment entered by the Supreme Court, being based on inherent and not upon conferred authority, must be limited in its operation to the jurisdiction of that tribunal. It is avowedly an act of self-preservation on the part of that court. It was not an act for the preservation of the courts of common pleas. Hence, not only because disbarment in the courts of common pleas is not essential to the proper maintenance by the Supreme Court of its own function and existence; but also because the authority is not conferred upon the Supreme Court by the Constitution to disbar attorneys of the courts of common pleas; therefore the disbarment of Thatcher by that court, brought about through an original proceeding, does not disbar him in the courts of common .pleas. That court is not the constitutional guardian *502 of the courts of common pleas. It may uphold, its own authority, but it has no-jurisdiction to destroy nor impair the judicial power of other courts of the state which derive their being from the Constitution. Hence if the court, from the exigency of its own situation, disbars an attorney in that court, the disbarment is not an adjudication in this court.
In the disbarment of Thatcher the inherent power of the court and legislative authorization must be clearly distinguished, because at this point in the argument the provisions of the statute may be invoked. The Legislature has enacted that ‘ ‘ the Supreme Court, circuit court or court of common pleas may suspend or remove an attorney at law from the office for misconduct in office, conviction of a crime involving moral turpitude or unprofessional conduct involving moral turpitude. Such suspension or removal shall operate as a suspension or removal in all the courts of the state.” This statute is referred to by the Supreme Court as regulative of the inherent power. _ If it be true that the admission and disbarment of attorneys is exclusively an exercise of judicial power, if it be true that this subject-matter is withheld from the Legislature, how can it be that a legislative act can at all apply? Is it not the exercise of judicial power to extend the operation of a disbarment order to the several independent courts of the state when the right to enter such order is founded on inherent power? If it be an -act of admission or disbarment, by the premises, it is judicial, and is void. If the Legislature be excluded from this field, it possesses no authority by which it may enact that a decree of one court based on inherent powers upon facts within its jurisdiction, shall be a decree of every court in all jurisdictions throughout the state. This, by the premises, would be the exercise of judicial power by the Legislature, and hence void. It inevitably follows that the power of admission and disbarment, not being conferred by statute, but inherent, can derive no authority from the Legislature — which, by the premises, can not admit or disbar.
In this very proceeding this court holds that the act of admission or disbarment of an attorney is' exclusively judicial power. If this be so, then the act of the Legislature disbarring an attorney of a constitutional court of independent jurisdiction, is as *503 suredly an exercise of judicial .power; especially, if the original disbarment was brought about not through legislative authority. The legislative enactment provides that disbarment of an attorney in one court shall disbar in all courts. The disbarment order in the Thatcher case is the exercise of inherent power. Is not the Legislature then by this enactment laying hold of and attempting to apply inherent power invoked and used by the Supreme Court? If the Legislature can not control and direct the inherent disbarring power, then whatever authority is enactment possesses flows from legislative power. Then if the act disbars, which is judicial power, whence came the disbarment ? For there is no perceptible difference between the quality or logical character of an assertion that the act of the Legislature operates to disbar an attorney in all courts where disbarred by one; and of an assertion that an inherent power which the Legislature can not control does by force of statute control tribunals to which by its own nature and authority the inherent power does not extend. If attorneys are thus disbarred, it is the act of the Legislature which disbars, and not the courts. This, according to the premises in the ease, can not be so.
The Legislature can neither enlarge nor diminish the inherent power of the Supreme Court, because it can give nothing nor take away anything in the exercise of original jurisdiction nor inherent power. Taking, then, as a premise that the power to admit and disbar attorneys is exclusively judicial power and that legislative action thereon is void, the conclusion inevitably and inexorably follows that the Legislature has no power to extend the operation of the Supreme Court order in the' Thatcher ease beyond the jurisdiction of the disbarring court. Can it be said that an act of the Legislature which enlarges the operation of a decree and which ordains that such a judgment shall be conclusive upon the courts in the conduct of their judicial functions and which deprives them of the right to hear and determine upon that subject-matter, is not an exercise of judicial power? If the judicial power extend — as is contended here that it does — to exclude the Legislature from admission and disbarment, then most logically does the conclusion follow that the Legislature can not by enacting that an order of disbarment in one court shall be *504 a disbarment of an attorney in all courts, thereby decree disbarment. The court must perform that duty. This court of common pleas has not disbarred Thatcher. Iiow, consistently with the theory of judicial power, is he now disbarred in this court ?
But it is said that this results as a proper police regulation. The answer to this is plain. If the police power of the state is competent and requisite to regulate the subject, and the Legislature is a constitutional agency for that purpose, then the police power is competent as related to the whole subject-matter. If police power (which is legislative) is appropriate, the matter is not exclusively within judicial power. The invalidity of the Thatcher relief act must then be predicated upon some other constitutional ground than the exercise of judicial power; if at the same time the right to exercise police power with regard to the subject-matter be conceded. And if this act be invalid as an exercise of the judicial power, then the act of Legislature is incompetent to ordain that “such suspension or removal shall operate as a suspension or removal in all the courts of the state. ’ ’
Neither is the action of the Legislature legislative cancellation of a judicial decree. The décree of the Supreme Court disbarring Mr. Thatcher still stands as a decree or judgment of the court. The act relieves him from its operation. This class of legislation has been sustained by our Supreme Court. The term of sentence of prisoners has been submitted to control of administrative prison boards. The conviction is not set aside; the convict is not pardoned but he is thus relieved of the consequences of the judgment against him. Of like character is the act in relation to Thatcher. The decree remains but its operation is suspended by legislative act. Especially must this be recognized in view of the fact that he has not been heard in this court nor disbarment ordered here; whatever may be the case in the Supreme Court, the act is effective here.
The matter of Mr. Thatcher’s right to the privilege of an attorney now stands before the court as a separate and distinct matter of which his right is the sole subject. Having originated as a separate matter, upon the voluntary action of the court, evoked by.no complaint and standing upon its docket without *505 reference to any cause or proceeding, the occasion is different than might have existed had the question arisen to be tried as an issue in a case. Here, the court has assumed the office of inquisitor. This being the posture of the affair, the act of the Legislature authorizing Mr. Thatcher to appear as an attorney'in this court is a sufficient showing upon his part and warrants the demand that the proceeding instituted by the court as a separate case be forthwith dismissed. Whether constitutional or unconstitutional, the act of the General Assembly confers upon Thatcher a color of the right he claims. Voiced in the language of our Supreme Court:
‘ ‘ The direct question in this case is: Whether the reputed or colorable authority required to constitute an officer de facto can be derived from an unconstitutional statute ? The true doctrine seems to be, that it is sufficient, if the officer holds the office, under some power having the color of authority to appoint; and that a statute though it should be found repugnant to the Constitution will give such color.” (Ex parte Strang, 21 O. S., 610, 618.)
The duty of judges and courts is to decide eases as the necessity arises. As said by the Supreme Court of the United States last year of its relation to Congress under the Constitution;
“This court has no veto power on legislation and its right to declare an act unconstitutional can only be exercised when a proper case between opposing parties is submitted for determination.” (219 U. S., 347.)
If they know of violation of law, it is not their duty to become prosecutors. Moreover, nothing has more seriously impaired the respect for the observance of'law than the constant and continued attack upon the validity of statutes. Citizens consider themselves authorized to ignore laws as unconstitutional until, forsooth, they are advised by the courts to obey. Justices of the peace, police officers, every petty functionary in the state assume to declare acts of the Legislature unconstitutional. This attitude towards statute law is subversive of both public and private rights and security. A kindred doctrine of nullity led to the Civil War.
*506 In this proceeding there is no proof of offense, or violation of propriety or immoral conduct on the part of Thatcher before the court. His right is now challenged upon evidence that he. has been disbarred by the Supreme Court. An act of the Legislature has been passed for his relief. These are the only facts in evidence before the court. The court, therefore, on its own motion, as it seems to me, should not maintain, but should forthwith dismiss this proceeding, the sole purpose of which is to question the operation of a statute and to nullify the action of the Legislature by declaring its act as unconstitutional. On this occasion neither the dignity, power nor orderly procedure of the court have been affected in any pending case. . The public order and respect for law require that this court shall be first to submit to ostensible authority until its own right and privileges have been imperiled. That occasion does not now present itself.